IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **LORI ANN BUTLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:02-0422 |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

The Defendant, Jo Ann B. Barnhart, Commissioner of the Social Security Administration, by counsel, Kasey Warner, United States Attorney for the Southern District of West Virginia, and Carol A. Casto, Assistant United States Attorney for the Southern District of West Virginia, has moved the Court to remand the above-styled case to the Commissioner for further administrative action pursuant to the sixth sentence of 42 U.S.C. §405(g). (Document No. 21.) This case was referred to this United States Magistrate Judge by Standing Order to consider the pleadings and evidence and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) By Judgment Order filed on August 5, 2002, this matter was remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). (Document No. 10.) On January 19, 2005, the Commissioner filed a Motion to vacate the remand order, reinstate the case and file her Answer to the Plaintiff's Complaint. (Document No. 11.) The Court granted the Commissioner's Motion (Document No. 12.), and the Commissioner filed her Answer to Plaintiff's Complaint and a transcript of the administrative proceedings. (Document Nos. 13 and 15.) On March 21, 2005, Plaintiff filed a Motion for Summary

Judgment and Memorandum in Support. (Document No. 17.) After having an extension of time to file a Motion for Judgment on the Pleadings (Document Nos. 19 and 20.), the Commissioner filed her second Motion to Remand. (Document No. 21.) The Commissioner states that remand is again necessary under sentence six because "[u]pon further review by counsel for the Commissioner, the Commissioner has determined that this case is not properly before this Court because the Appeals Council did not act on Plaintiff's statement of exceptions. Upon remand, the Appeals Council will consider Plaintiff's objections." (Document No. 21, ¶ 6.) Defendant also states that "Plaintiff's counsel, Davis S. Bary, Esquire, does not object to this request." (Id., ¶ 7.)

Sentence six of 42 U.S.C. § 405(g) provides that remand is appropriate upon the Motion of the Commissioner "for good cause shown before the Commissioner files the Commissioner's answer . . .."[1] Sentence four of 42 U.S.C. § 405(g) provides on the other hand that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." As stated above, the Commissioner has filed her Answer and the administrative transcript in this case, and the Plaintiff has filed a Motion for Summary Judgment. Remand under sentence six is clearly inappropriate under these circumstances. For this reason, the Commissioner's Motion must be denied. Alternatively, in view of the Commissioner's statement that the Appeals Council did not consider Plaintiff's exceptions, if the Commissioner will request remand pursuant to sentence four on grounds that the Commissioner did not complete the

---

[1] Remand may be ordered under sentence six in only two situations: where the Commissioner "requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schafer*, 509 U.S. 292, 297, n. 2, 113 S.Ct. 2625, 2629, n. 2, 125 L.Ed.2d 239 (1993)(Citations omitted.)

administrative process, the Court may grant the Motion, either vacate of reverse the Commissioner's decision, remand the case for further proceedings before the Appeals Council and dismiss this case from the Court's docket.          Accordingly, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings and **DENY** Defendant's Motion to Remand pursuant to sentence six (Document No. 21.),or alternatively, if the Commissioner requests remand pursuant to sentence four, **VACATE** or **REVERSE** the decision of the Commissioner, **REMAND** Plaintiff's case to the Commissioner pursuant to the fourth Sentence of 42 U.S.C. § 405(g) for further proceedings before the Appeals Council and **DISMISS** this case from the docket of this Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time frame may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841,846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91,94 (4th

Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber and this Magistrate Judge.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

DATE: May 6, 2005.

                                            R. Clarke VanDervort
                                            United States Magistrate Judge